# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: K.R., A.R.-1, & A.R.-2**

**No. 13-0814** (Monongalia County 11-JA-7 through 11-JA-9)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christopher Miller, and Petitioner Father, by counsel Olivia S. Harris DeVall, jointly appeal the Circuit Court of Monongalia County's June 10, 2013 order terminating their parental rights to K.R., A.R.-1, and A.R.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, DeAndra Burton, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioners allege that the circuit court erred (1) in finding that the DHHR made reasonable efforts to provide services and prevent removal of the children from the home, and (2) in terminating their parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Upon numerous referrals dating back to 2005, the DHHR filed an abuse and neglect petition against petitioners in 2008, alleging sexual abuse and neglect due to lack of food, supervision, and the conditions in the home. Before filing the prior petition, the DHHR had offered the family numerous parenting and financial services, which the family refused. Following a successfully completed improvement period during the prior abuse and neglect proceeding, the children were returned to petitioners in 2009. Subsequently, the DHHR continued to receive referrals on the family alleging that petitioners' adult son was back in the home. Two of the older girls, then ages twelve and fifteen, were interviewed at the Child Advocacy Center in October of 2010, and disclosed sexual abuse by their two older brothers, both adults. In response, the DHHR entered a safety plan with the family, whereby petitioners agreed to keep their adult sons away from their children.

---

[1] Because two children share the same initials, they will be referred to as A.R.-1 and A.R.-2 throughout this memorandum decision.

In March of 2011, the DHHR made an unannounced visit to the home and discovered one of the adult sons, J.R., staying there, if not living in the home on a permanent basis. On April 1, 2011, the DHHR filed a petition to obtain custody of the children, after which petitioners entered a stipulated adjudication and J.R. made a statement to police admitting the sexual abuse. During the proceedings below, petitioners were granted both post-adjudicatory improvement periods and dispositional improvement periods. Additionally, the parents voluntarily relinquished their parental rights to one child, H.R., and another, C.R., reached adult status during the pendency of the abuse and neglect proceedings.[2] On January 11, 2013, the circuit court held a dispositional hearing, after which the petitioners' parental rights were terminated. It is from the resultant order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's findings regarding the DHHR's reasonable efforts to provide services and prevent the children's removal from the home, or in the termination of petitioners' parental rights. To begin, the record is clear that the DHHR has been offering petitioners services since at least 2005, though petitioners did not always accept them. During the instant proceedings, the circuit court noted that petitioners participated in services with Dr. Laura Capage of the Monongalia Child Advocacy Center, and that the services began in the Fall of 2010. Further, petitioners were provided with parenting and adult life skills education, as well as supervised visitation with the children. While petitioners argue that the circuit court's findings regarding the DHHR's reasonable efforts are erroneous because the DHHR failed to continue family therapy, the Court disagrees.

---

[2] The circuit court made no rulings regarding either of these children in the order being appealed. As such, this memorandum decision addresses only the circuit court's termination of petitioners' parental rights to K.R., A.R.-1, and A.R.-2.

Petitioners were provided therapy, as were the children. However, the therapist for A.R.-1 and A.R.-2 testified that the children were not ready for family therapy at the time of disposition. Upon our review, the Court finds that the circuit court committed no error in finding that the DHHR made reasonable efforts to provide services and prevent the children's removal from the home. As more fully addressed below, the record is clear that a lack of family therapy was not the basis for termination of parental rights. Instead, the circuit court relied upon petitioners' inability to implement what they learned through services and their failure to adequately provide for the children. Further, the circuit court was not bound to order services that were not in the children's best interests, as stated in testimony from the children's therapist. As such, petitioners' argument regarding a lack of family therapy is without merit.

As to termination of petitioners' parental rights, the Court finds no error in this regard because the circuit court found that there was no reasonable likelihood that petitioners could substantially correct the conditions of abuse or neglect in the near future. As set forth in West Virginia Code § 49-6-5(b)(3), such conditions exist in situations where an abusing parent has failed to follow through with a family case plan or other rehabilitative efforts designed to reduce or prevent abuse. The circuit court heard testimony that petitioners failed to implement the training provided through services and further found that, during their improvement periods, petitioners exposed the children to past abusers and also provided cigarettes and alcohol to at least one of their minor children. As such, the evidence supported the circuit court's findings in regard to the continuing conditions of abuse and neglect.

While petitioners argue that the circuit court did not make a specific finding that termination was necessary for the children's welfare, the record is clear that such a finding would be supported by substantial evidence. Specifically, the circuit court did find that returning the children to petitioners could expose them to continued abuse or neglect, as evidenced by "concerns regarding the ability of [petitioners] to ensure that the children are provided for financially, that they will ensure that the children will attend school, and that the children will be protected from potential abusers." These concerns stemmed from ample testimony from service providers, as well as testimony from the two children who were dismissed from the proceeding regarding their sexual abuse perpetrated by their siblings. As such, the Court finds no error in the circuit court's failure to include a specific finding that termination of petitioners' parental rights was necessary for the children's welfare, because the same is apparent from the evidence below. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings, and we find no error in the termination of petitioners' parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 10, 2013 order is hereby affirmed.

Affirmed.

3

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II